## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| THE LINDERIAN COMPANY, LTD. | § | Case No. | 16-60031-11 |
| | § | | |
| LDI MANAGEMENT, INC. | § | Case No. | 16-60485-11 |
| | § | | |
| DEBTORS. | § | Joint Administration Requested | |
| | § | Under Case No. 16-60031-11 | |

### DEBTORS' MOTION FOR JOINT ADMINISTRATION

**TO THE HONORABLE BILL PARKER, UNITED STATES BANKRUPTCY JUDGE:**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

LDI Management, Inc. ("LDI") and its affiliated debtor and debtor-in-possession, The Linderian Company, Ltd. ("Linderian"), in these above-captioned Chapter 11 cases (collectively, the "Bankruptcy Cases"), respectfully file this Motion for Joint Administration (the "Motion"), and, in support hereof, state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PROCEDURAL BACKGROUND

2. On January 19, 2016, Linderian commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"). LDI commenced its bankruptcy case under Chapter 11 of the Bankruptcy Code on August 4, 2016.

3. LDI and Linderian (collectively, the "Debtors") continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committees have been appointed in these Bankruptcy Cases.

## III. FACTUAL BACKGROUND

4. Linderian was formed as a limited partnership in Texas in January of 2004. LDI was formed as a corporation in Texas in June of 2008. Linderian operates a skilled nursing facility in Longview, Texas by the name of Summer Meadows, and LDI provides medical services to certain residents of Summer Meadows.

5. A substantial factor in the Debtors' need for reorganization stems from outstanding taxes due the IRS and delayed payments from Medicare.

6. The Debtors' Bankruptcy Cases are intended to provide the Debtors a forum for the orderly and efficient reorganization of their assets and satisfaction of outstanding obligations,

including working to restructure the Debtors' long-term debt. The Debtors believe such process will be in the best interests of the Debtors' creditors and estates.

## IV. RELIEF REQUESTED AND AUTHORITY FOR RELIEF

7. By this Motion, the Debtors respectfully request entry of an order authorizing the joint administration of their Bankruptcy Cases.

8. This Court may order the joint administration of the estates of a debtor and an affiliate. Fed. R. Bankr. P. 1015(b). Bankruptcy Rule 1015(b) provides, in relevant part, if "two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015 provides the requisite procedure for filing a motion requesting joint administration, with which the Debtors have complied.

9. Joint administration of the Debtors' Bankruptcy Cases is appropriate because the Debtors intend to file motions and, likely, a joint disclosure statement and plan that will affect both Debtors. The joint administration of these Bankruptcy Cases, including the combining of notice to creditors of the respective estates, as well as the notices and hearings of all matters at the same time will promote the efficient and convenient administration of the Debtors' estates.

10. The rights of creditors of each of the Debtors will not be adversely affected by the joint administration of these Bankruptcy Cases. Joint administration will not affect substantive rights, and nothing set forth herein should be deemed to be a request for substantive consolidation of the Debtors' estates and their Bankruptcy Cases. To the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular estate that owes it money unless substantive consolidation actually is requested and granted. Further, the deadline for the filing of proofs of claim in each Bankruptcy Case has expired. Finally, joint supervision

of the administrative aspects of the Bankruptcy Cases by the Court and the Office of the United States Trustee may be simplified.

11. The Debtors further request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **THE LINDERIAN COMPANY, LTD.** | § | **Case No. 16-60031-11** |
| **LDI MANAGEMENT, INC.,** | § | **Case No. 16-60485-11** |
| | § | **(Jointly Administered under 16-60031-11)** |
| **DEBTORS.** | § | |

12. The Debtors believe that the joint administration of the respective Debtors' estates is warranted and will ease the administrative burdens and costs of the Court and all interested parties.

13. There are no existing administrative or scheduling orders which require modification if this Motion is granted.

## V. NOTICE

14. In accordance with this Court's Order Granting Debtor's Motion for Order Pursuant to Fed. R. Bank. P. 9007 Limiting Notice [Case No. 16-60031-11 Dkt. 13], notice of this Motion is being given by email or fax where known, or otherwise by first class mail, postage prepaid, concurrently with the filing hereof to the following parties: (a) the Debtor and its professionals, (b) the secured creditors, (c) the 20 largest unsecured creditors, (d) the United States Trustee, (e) the IRS and all relevant governmental entities, (f) any official committees appointed by this court and their professionals, and (g) those persons and/or entities who have formally appeared and

requested service in this proceeding pursuant to Bankruptcy Rule 2002.  Notice is also being given to all of LDI's creditors and parties in interest.

15. Attached to this Motion as "Exhibit 1" is a proposed consolidated master mailing list for future noticing requirements, in accordance with Local Rule 1015.

## VI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court (i) grant the Motion and the relief requested herein, and (ii) enter an order (a) allowing for the joint administration of the Debtors' Bankruptcy Cases, and (b) granting the Debtors all such other and further relief to which they may be justly entitled.

Dated: January 17, 2017                                    Respectfully submitted,

*/s/ Bryan C. Assink*
Mark A. Castillo
Texas State Bar No. 24027795
Joshua L. Shepherd
Texas State Bar No. 24058104
Bryan C. Assink
Texas State Bar No. 24089009
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

**COUNSEL FOR DEBTORS**
**AND DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 17, 2017, a true and correct copy of the foregoing document was served via first class mail, postage prepaid, and/or the Court's ECF system on each of the parties listed on Linderian's Shortened Service List attached hereto, as well as all creditors and interested parties in LDI's bankruptcy case, which are listed below; and also via the Court's ECF system to all parties consenting to such service.

| | |
|---|---|
| Greg Sechrist<br>403 Sylvia St.<br>Longview, TX 75604-1153 | Melea Sechrist<br>403 Sylvia St.<br>Longview, TX 75604-1153 |
| Internal Revenue Service (20)<br>Special Procedures – Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Ruth Yeager<br>Office of the U.S. Attorney<br>110 N. College, Suite 700<br>Tyler, TX 75702-0204 |
| The Linderian Company<br>301 Hollybrook Drive<br>Longview, TX 75605-2461 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | John M. Vardeman<br>UST Office<br>110 N. College St., Suite 300<br>Tyler, TX 75702-7231 |

*/s/ Bryan C. Assink*
Bryan C. Assink